NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MATTHEW PURVINES and**
**ZACHARY FAIRCLOTH,**

    Plaintiffs,

v.                                                                              CASE NO. 3:15-cv-326/MCR/EMT

**CITY OF CRESTVIEW, TONY**
**TAYLOR, in his individual capacity, and**
**JOEY FLOYD, in his individual capacity,**

    Defendants.

_____/

## ORDER

    Plaintiffs, Matthew Purvines and Zachary Faircloth ("Plaintiffs"), filed this action pursuant to 42 U.S.C. § 1983, for violations of their First and Fourteenth Amendment rights, alleging their employment with the Crestview Police Department ("Department") was terminated based on their testimony in Defendant Joey Floyd's ("Floyd") trial on racketeering charges.[1] Pending before the court are the Motions to Dismiss and Motions to Strike filed by Defendant Tony Taylor ("Taylor"), ECF No. 21, and Defendant City of Crestview ("City"), ECF No. 22.[2]

---

[1] The court has federal question jurisdiction over the case, pursuant to 28 U.S.C. § 1331.

[2] Plaintiffs also brought suit against Defendant Joey Floyd, in his individual capacity, but Floyd has not filed a Motion to Dismiss.

After careful review and full consideration, the court finds the Motions to Dismiss are due to be granted in part and denied in part, and the Motions to Strike are due to be denied as moot.

**Background**

The following facts are taken from the Amended Complaint. Matthew Purvines was employed by the Crestview Police Department as a sergeant from 2002 to 2013, and Plaintiff Zachary Faircloth was employed by the Department as a sergeant from 2004 to 2013. Defendant Floyd was hired by the Department in 2006 and served as both Plaintiffs' immediate supervisor. During the time Floyd served as Plaintiffs' immediate supervisor, he allegedly used excessive force in carrying out his duties, threatened employees if they did not strictly comply with his demands, and instructed officers to falsify incident reports. More specifically, the Amended Complaint alleges that Floyd excessively tasered citizens and allegedly told his employees they would end up "working for McDonald's" if they did not obey him.

The Amended Complaint further alleges that, in January 2008, Plaintiffs witnessed Floyd intentionally slamming into a suspect's truck with his patrol car, which ultimately resulted in the death of a passenger's unborn child. After witnessing this incident, Plaintiffs allege that Floyd directed them to leave the scene so that the Florida Highway Patrol troopers could not talk to them, and they allege that Floyd coerced them into falsifying reports about the incident.

In 2010 or 2011, Plaintiffs were allegedly subpoenaed to testify in a deposition for a case involving a claim of "either a false arrest or excessive use of force" brought by a citizen named Kenny Siler. The Amended Complaint alleges that during their testimony Plaintiffs testified about Floyd's character for untruthfulness and the falsified police reports. Plaintiffs allegedly testified that Floyd falsified police reports on several occasions and had ordered Plaintiffs to falsify their reports about the January 2008 incident. After testifying against Floyd in the Siler case, Plaintiffs allegedly faced retaliation, including hostile treatment in the workplace and intimidation by Floyd and other officers. The Amended Complaint also contains allegations that Plaintiff Purvines was removed from certain leadership positions within the Department because of his testimony.

According to the Amended Complaint, around September 2012, Defendant Taylor was appointed Police Chief for the City. Shortly after Taylor's appointment, Purvines allegedly admitted to Taylor that he had falsified police reports involving the January 2008 incident. Additionally, the Amended Complaint alleges that Taylor was informed by the Florida Department of Law Enforcement (FDLE) and the State Attorney's office that both Plaintiffs had been pressured into falsifying police reports.[3]

---

[3] Plaintiffs also allege that in connection with Plaintiff Faircloth's claim for unemployment compensation, a hearing officer stated that "it [is] highly unlikely that the police department was

Around August 2013, Floyd and the former Police Chief Brian Mitchell were tried on racketeering charges. The Amended Complaint alleges that both Plaintiffs were subpoenaed to testify and did testify at the trial. As part of their testimony in Floyd's trial, Plaintiffs allegedly testified again that they were pressured by Floyd into falsifying police reports. The Amended Complaint alleges that after their testimony Taylor terminated Plaintiffs' employment with the Department. Plaintiffs allege they were fired as a result of their trial testimony, not for falsifying police reports, because Taylor knew of their behavior for approximately a year before their testimony during Floyd's trial but did not terminate their employment until after they testified.

Plaintiffs brought this suit against the City, Taylor, and Floyd, claiming they were retaliated against for exercising their First Amendment rights and seeking damages, a declaratory judgment, and injunctive relief. Additionally, Plaintiffs have sued the City and both individual Defendants for Fourteenth Amendment substantive due process violations based on their abuse of power. Defendant City of Crestview has filed a Motion to Dismiss, arguing that Plaintiffs' admissions of misconduct are not protected by the First Amendment, that continued employment is not a fundamental right protected by substantive due process, and that the Fourteenth

---

not aware of the claimant's actions until August 2013, when the claimant testified under oath at trial."

Amendment due process claims are subsumed by the First Amendment claims. Defendant Taylor has moved to dismiss the claims against him, arguing that Plaintiffs' admissions are not protected by the First Amendment, that public employment is not a right protected by substantive due process, and that he is entitled to qualified immunity on Plaintiffs' claims. The City and Taylor also move to strike the unemployment hearing officer's determination[4] and findings as irrelevant and immaterial.

**Discussion**

Federal pleading rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not detailed allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). To survive a motion to dismiss, a complaint must "include sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 547). The "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. *Id.* at 678. Legal "labels and conclusions" will not suffice. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. *Id.* Instead, the plaintiff must show enough factual

---

[4] *See supra*, footnote 3.

grounds to raise the asserted right to relief above the level of speculation. *Twombly*, 550 U.S. at 555. On a motion to dismiss for failure to state a claim, the court considers only the pleadings, attached exhibits, or documents incorporated into the complaint by reference. *See Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). In considering a Rule 12(b)(6) Motion to Dismiss, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam).

*Count I: First Amendment Retaliation against City of Crestview*

A government employer may not retaliate against its public employees for speech protected by the First Amendment. *Rankin v. McPherson*, 483 U.S. 378, 383 (1984). A public employee's right to freedom of speech, however, is not absolute. *Garcetti v. Ceballos*, 547 U.S. 410, 318 (2006) ("When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom."). The public employee's First Amendment interests must be balanced against the state's—or, as in this case, the City's—interests in regulating employee speech to promote efficiency and integrity in the discharge of governmental functions. *Connick v. Myers*, 461 U.S. 139, 151 (1983); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). To strike this balance, courts employ a four-factor analysis in assessing First Amendment retaliation claims. *Moss v. City of Pembroke*

*Pines*, 782 F.3d 613, 617 (11th Cir. 2015). First, courts consider whether: (1) the employee engaged in speech as a citizen on a matter of public concern; (2) whether his First Amendment interests outweigh his government employer's efficiency interests; and (3) whether the speech was a "substantial[,] motivating factor in [the employee's] termination." *Id*. at 617-18. If the answer to these questions is yes, the issue becomes whether the employer has shown that it would have terminated the plaintiff even in the absence of his speech. *Id*. at 618. The first two issues are questions of law designed to determine whether the employee's speech is protected by the First Amendment. *Id*. The "final two issues, which address the causal link between [the employee's] speech and his termination, are questions of fact [to be resolved by a jury,] unless the evidence is undisputed." *Id*.

The City does not dispute that Plaintiffs engaged in speech as citizens on matters of public concern when they testified in the racketeering trials of Floyd and former police chief Brian Mitchell. *See* ECF No. 22 at 8; *see also Lane v. Franks*, 134 S. Ct. 2369, 2379-80 (2014). Instead, the City argues that Plaintiffs have not alleged facts sufficient to show that their First Amendment interest in testifying about police misconduct outweighs the City's interest in preserving the integrity of police investigations and, in particular, the integrity of Crestview Police Department incident reports. *Id*. at 8-10. The City insists that it "had adequate justification for terminating the Plaintiffs for falsifying incident reports based on its needs as a

government employer" and that "[t]erminating employees for admitted misconduct and dishonesty is well within the government's legitimate interests." *Id*. at 8.

The problem with the City's position is that it conflates the second factor of the required analysis, also known as the *Pickering* balancing test, with the third and fourth factors, which focus on causation. Since the City has conceded that Plaintiffs' trial testimony constituted citizen speech on a matter of public concern, ECF No. 22 at 8, the next step is to determine whether there are sufficiently compelling government interests in restricting *that type* of speech. *See Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1289 (11th Cir. 2000). Stated differently, the appropriate legal question is whether the City has an overriding governmental interest in regulating police officers' trial testimony about malfeasance within the police department. If the City does not have such an interest, then the *Pickering* balance favors Plaintiffs and their speech is protected by the First Amendment. *See Moss*, 782 F.3d at 618 ("The court's resolution [of the first two factors] determines whether [a plaintiff's] speech is protected by the First Amendment."). This is true whether Plaintiffs' testimony revealed their own misconduct and dishonesty, or only that of other police officials. In either case, trial testimony about police corruption is the matter of public concern against which the City's efficiency interests are balanced.

In performing the *Pickering* balance of these competing interests, courts consider several factors: (1) whether the speech at issue impeded the government's

ability to perform its duties effectively; (2) the manner, time, and place of the speech; and (3) the context within which the speech was made. *Connick v. Myers*, 461 U.S. 138, 151 (1983); *Morales v. Stierheim*, 848 F.2d 1145, 1149 (11th Cir. 1988), *cert. denied*, 489 U.S. 1013 (1989). In this case, there is no indication that Plaintiffs' trial testimony, in and of itself, disrupted the functioning of the Crestview Police Department. Moreover, the time, place, and manner of Plaintiffs' speech—trial testimony, given under subpoena, in the criminal prosecution of other police officials for public corruption—is entirely appropriate and exactly what the community is entitled to expect from its public servants. *See Lane*, 134 S. Ct. at 2380 (holding that trial testimony about public corruption "obviously involves a matter of significant public concern"); *Garcetti*, 547 U.S. at 425 ("Exposing governmental inefficiency and misconduct is a matter of considerable significance."); *City of San Diego v. Roe*, 543 U.S. 77, 82 (2004) (explaining that when public employees speak about the "operations of their public employers, . . . [t]he interest at stake is as much the public's interest in receiving informed opinion as it is the employee's own right to disseminate it"); *Bryson v. Waycross*, 888 F.2d 1562, 1566 (11th Cir. 1989) ("[A] core concern of the [F]irst [A]mendment is the protection of the 'whistle-blower' attempting to expose government corruption."). In this context, when the relevant First Amendment interests are weighed against the limited value of suppressing such speech, the *Pickering* balance clearly weighs in favor of Plaintiffs. Thus, the court

concludes that Plaintiffs' trial testimony about serious misconduct within the Crestview Police Department is protected by the First Amendment.

The court must next determine whether the City terminated Plaintiffs in "substantial[,] motivating" part because of their trial testimony about police misconduct. *See Moss*, 782 F.3d at 618. A "plaintiff's burden in this regard is not a heavy one." *Stanley*, 219 F.3d at 1291. The court finds that plaintiffs have met this burden at the pleading stage based on their allegations that they were terminated within three weeks of testifying and that Chief Taylor had known about Plaintiffs' falsification of incident reports for almost a year before the trial took place. In response, the City maintains that it did not terminate Plaintiffs for *testifying about* police misconduct, but for *engaging in misconduct themselves* by falsifying incident reports on multiple occasions. These disputed factual questions about causation are more appropriate for determination on summary judgment, with a fully developed factual record supporting the parties' positions, than at this early stage where the court only considers the allegations in Plaintiffs' Amended Complaint. Accordingly, the City's motion to dismiss the First Amendment retaliation claim in Count I is denied.

*Count II: First Amendment Retaliation Claim against Defendant Taylor*

Chief Taylor argues that the First Amendment retaliation claim against him in his individual capacity should be dismissed on the basis of qualified immunity. The

court agrees. Qualified immunity shields government officials performing discretionary functions from civil liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007). The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986). Thus, to be "clearly established," the existing precedent on the right the official is alleged to have violated "must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In this case, the constitutional question falls short of that standard.

The parties do not dispute that Chief Taylor was performing discretionary functions when he terminated Plaintiffs. *See* ECF No. 27 at 5. The relevant question, therefore, is this: Assuming for qualified immunity purposes only that Chief Taylor terminated Plaintiffs for testifying about police corruption, in violation of their First Amendment right to freedom of speech, was the unlawfulness of doing so clearly established at the time of Plaintiffs' termination? The court finds that the answer to this question is no. When Plaintiffs were terminated, no Supreme Court case or Eleventh Circuit precedent had established that a reasonable police official violates the First Amendment by terminating a subordinate who testifies about malfeasance

within the police department. *See Lane v. Frank*, 134 S. Ct. 2369, 2381 (2014). It was not until *Lane*, which was decided nearly a year after Plaintiffs' termination, that the Supreme Court held for the first time that "testimony [given by a government employee], under oath and outside the scope of his ordinary job responsibilities" is entitled to First Amendment protection. *Id*. The Court explained that decisions before *Lane* "demonstrate only a discrepancy in Eleventh Circuit precedent, which is insufficient to defeat the defense of qualified immunity." *Id*. at 2383. Because the question of whether Plaintiffs' testimony was entitled to First Amendment protection was not "beyond debate" at the time they were terminated, Chief Taylor is entitled to qualified immunity.

*Counts III and IV: Fourteenth Amendment, Substantive Due Process*

Plaintiffs also raise a Fourteenth Amendment substantive due process claim, based on the same facts as their First Amendment § 1983 claim. The City first asserts that Plaintiffs' substantive due process claims are subsumed by the First Amendment retaliation claims and therefore, must be dismissed. The court agrees. The Supreme Court has stated that when there is an explicit textual source of constitutional protection, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [the more specific] claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also, Harrison v. Wille*, 132 F.3d 679 (11th Cir. 1998) (stating in a footnote that the substantive due process claim would be

analyzed under the Fifth Amendment because the Fifth Amendment provided "an explicit textual source of constitutional protection"). Applying this principle, the Southern District of Florida determined that substantive due process claims were subsumed by First Amendment claims because a "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim." *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1326 (S.D. Fla. 2014) (holding the due process claims were due to be dismissed because the plaintiff apartment owner's substantive due process claims "essentially rel[ied] on the same allegations supporting the First Amendment retaliation claim").

In this case, the Amended Complaint does not allege facts in support of Plaintiffs' due process claims separate from their First Amendment claims. The Amended Complaint alleges that Taylor, and the City through Taylor, "misused and abused [their] power." As part of this allegation, Plaintiffs claim that the Department failed to implement policies to prevent the kind of harm that was suffered by Plaintiffs. However, it fails to include any additional facts, apart from those supporting the First Amendment claim. As such, Plaintiff's substantive due process claims are properly analyzed under the First Amendment retaliation claims, as discussed above, and Counts III and IV are dismissed as duplicative.

Defendants also argue that continued employment is not a fundamental right protected by substantive due process under the Fourteenth Amendment. The court

agrees. It is well-established that employment rights are not absolute. *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570 (1972)). The Eleventh Circuit in *McKinney* held that a former government employee's § 1983 claim involving his termination did not give rise to a substantive due process right. *McKinney*, 20 F.3d at 1561. Thus, the court cannot find that Plaintiffs' right to employment is deserving of substantive due process protection.

Also pending are the Motions to Strike filed by the City and Taylor. Both Defendants argue that the statements from Plaintiff Faircloth's unemployment compensation hearing should be stricken to the extent they are immaterial. The court must take care to distinguish between discrepancies that are inherently inconsistent and "create transparent shams" from those that merely "create an issue of credibility or go to the weight of the evidence." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). However, the court has not considered this specific portion of the Amended Complaint because the record is otherwise sufficient to rule on the Motions to Dismiss. Thus, the Motion to Strike is denied as moot.

Accordingly, it is **ORDERED**:

1. Defendant Tony Taylor's Motion to Dismiss, ECF No. 21, is granted.

2. Defendant City of Crestview's Motion to Dismiss, ECF No. 22, is denied as to Count I and granted as to Count III. The Motion to Strike is denied as moot.

**DONE** and **ORDERED** on this 30th day of September, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**